FORSYTHE MEATS, INC., Daniel Forsythe, and Mildred Forsythe, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, John Raymond, and Joseph Perchiacca, Defendants.

No. 80 Civ. 2335 (KTD).

United States District Court, S. D. New York.

Feb. 11, 1981.

Sahn, Shapiro & Epstein, New York City, for plaintiffs; Barry S. Gillman, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., S. D. New York, New York City, for defendants; William J. Brennan, Asst. U. S. Atty., New York City, of counsel.

MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

I begin with the proposition that the federal government is entitled to sovereign immunity from all suits which might be brought against it by its citizens. Recog-

nizing the harshness of such an absolutist doctrine, Congress enacted the Federal Tort Claims Act which permits suits by private persons against the United States for the negligence of federal employees. Here the plaintiffs have failed to show that they fit within the Act even as extended and thus the defendants' motion to dismiss must be granted.

Viewing the facts alleged in the light most favorable to plaintiffs, it would appear that Forsythe Meats, Inc. [hereinafter "Forsythe Meats"] is a New York corporation involved in the wholesale meat industry and, as such, falls under the aegis of the defendant United States Department of Agriculture [hereinafter the "Department"]. (Complaint ¶¶ 1–3). The individual plaintiffs are apparently the principals of Forsythe Meats. On July 25, 1979, Department representatives took samples of meat products stored in Forsythe Meats and from other similar establishments and forwarded them to the Department's facility in Athens, Georgia for testing and anaylsis. (Complaint ¶ 5).

Oral notification that the meat was adulterated with spleen was received by the Department's New York office from the Athens, Georgia facility at about 1:00 p. m. on July 25, 1979.

The following morning at about 4:00 a. m., defendants Raymond and Perchiacca, who are employees of the Department, without receiving any further verification of the report, informed Forsythe Meats that analysis of its product showed that it contained mammalian spleen. The defendants therefore placed a retaining order on approximately 11,000 pounds of hamburger meat, which was the total amount of meat product then located at the Forsythe Meats premises. (Complaint ¶ 7). Plaintiffs then had to replace' the meat by putting on an overtime shift causing many deliveries to be late.

In fact, it was the meat product of another establishment which the Department had tested and found contaminated. (Com-

plaint ¶ 6). Allegedly, information that plaintiffs were guilty of manufacturing a product adulterated with spleen was disseminated to others in the industry, including customers and plaintiffs' sources of credit. According to plaintiffs, the retaining order was lifted approximately 5 hours later. Thereafter, on August 16, 1979, an administrative claim was submitted to the Department on behalf of Forsythe Meats. The Department denied this claim on February 4, 1980.

In this action, plaintiffs seek recovery on four separate causes of action. First, Forsythe Meats seeks recovery of $3,000 for "direct and immediate damages" as a result of the retaining order and $1,000,000 in "exemplary damages." (Complaint ¶ 9). Next, Forsythe Meats seeks $2,000,000 for loss of business reputation, customers and suppliers and another $1,000,000 in "exemplary damages." (Complaint ¶ 12). For the third and fourth causes of action, the individual plaintiffs each seek $25,000 for "mental anguish" and $1,000,000 in "exemplary damages." (Complaint ¶¶ 14–15, 17–18).

I turn at the outset to the last two causes of action each of which seeks damages for emotional or physical injury to the two individual stockholders of Forsythe Meats. Other than the stock ownership there is no nexus whatsoever between the alleged wrong doing to the corporation and the alleged injury to the plaintiffs. Lacking that, these counts must be dismissed. See Vincel v. White Motor Corporation, 521 F.2d 1113, 1118 (2d Cir. 1975).

The government, in making the instant motion to dismiss, characterizes the first two counts of the complaint as alleging the tort of "negligent misrepresentation." The plaintiffs agree in part but argue that the facts here go beyond mere "negligent misrepresentation."

It is clear that a claim for negligently transmitting misinformation against the United States is not permissible. Section

2680 of Title 28 U.S.C. provides in pertinent part:

> The provisions of this chapter and 1345(b) of this title shall not apply to
>
> . . . .
>
> (h) Any claim arising out of . . . misrepresentation . . . .

*See, e. g., Rey v. United States*, 484 F.2d 45 (5th Cir. 1973). Plaintiffs argue this case involves more than mere misrepresentation. Plaintiffs charge that defendants also violated their own rules and regulations by coming onto Forsythe's premises to retain the product prior to proper verification of the oral report from Athens, Georgia and thus trespassed on plaintiffs' property. Moreover, plaintiffs accuse the defendants of negligently holding the product so as to cause physical damage. These additional claims, however, do not bring this case out from under section 2680(h). The government officials had the authority to enter plaintiffs' premises despite not verifying the oral report. *See* 21 U.S.C. § 606 and 9 C.F.R. § 306. Also, plaintiffs have not asserted any separate negligent act by the government after the issuance of the retention order which resulted in damage to the plaintiffs. As a result, any possible exceptions to the prohibitions under the Federal Tort Claims Act, *see, e. g., S. Schonfeld Company, Inc. v. S. S. Akra Tenaron*, 363 F.Supp. 1220 (D.S.C.1973), are not applicable here.

Motion to dismiss is granted.

So ordered.